UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DIANA DUARTE and
PAULINA UMANA,

    Plaintiffs,

v.

LA FONDA SPORTS GRILL, INC., a Florida corporation;
and KALPANA PRADHAN, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, DIANA DUARTE (herein referred to as "Duarte") and PAULINA UMANA (herein referred to as "Umana") by and through their undersigned attorney, hereby files this Complaint against LA FONDA SPORTS GRILL, INC., (herein referred to as "La Fonda") and KALPANA PRADHAN, an individual (herein referred to as "Pradhan" or "Individual Defendant"), (herein collectively referred to as "Defendants").

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime, liquidated damages, and attorney's fees.

2. This is an action for damages as a result of wages owed and unpaid overtime and is brought pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 206 and 207 ("FLSA").

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff DUARTE is a resident of Palm Beach County, Florida, and at all times material hereto was employed by Defendants in Palm Beach County, Florida.

5. Plaintiff DUARTE is a former employee of the Defendants and was employed with each of them at all times material hereto.

6. Plaintiff UMANA is a resident of Palm Beach County, Florida.

7. Plaintiff UMANA is a former employee of the Defendants and was employed with each of them at all times material hereto.

8. Defendant LA FONDA is a Florida corporation with a principal address at 5096 Forest Hill Boulevard, Suite 900, West Palm Beach, Florida, 33415.

9. Defendant LA FONDA is an employer as that term is defined under the FLSA.

10. Defendant LA FONDA has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

11. Defendant LA FONDA was, at all times material hereto, an enterprise engaged in interstate commerce or in the production of services for commerce as defined in Section 3(r) and 3(s) of the FLSA.

12. Defendant PRADHAN is a joint employer of the Plaintiff, as that term is defined under the FLSA.

13. Defendant PRADHAN was engaged in the operational control of Plaintiff and otherwise was involved in the payment of wages to the Plaintiff.

14. Defendant PRADHAN acted directly and/or indirectly in the interest of LA FONDA in relation to the Plaintiff.

15. Defendant PRADAN, an individual, is the current President of Corporate Defendant. (*See true and correct copy of Florida Department of State Division of Corporations Information on La Fonda Sports Grill, Inc., attached hereto as **Exhibit A**.*)

16. Upon information and belief, PRADHAN is a resident of Palm Beach County, Florida.

17. Venue is proper because Defendants are located in Palm Beach County, Florida.

18. Plaintiffs are located in Palm Beach County, Florida and each of them were employed with Defendants as managers with duties that included management of day to day operations of the subject restaurant.

19. At all times material hereto, the Plaintiffs were not paid on a weekly salary or fee basis.

20. Plaintiffs and each of them were, at all times material hereto, non-exempt employees.

21. Defendants failed to pay Plaintiffs the mandatory wages, including overtime wages, as required under federal law.

## COMMON ALLEGATIONS

22. Plaintiff DUARTE was employed with Defendants from on or about May 2009 up to and including her separation on July 13, 2014.

23. Plaintiff DUARTE was employed as a Manager.

24. Plaintiff DUARTE regularly worked over forty (40) hours in a given work week.

25. Plaintiff UMANA was employed with Defendants from on or about May 2009 up to and including her separation on November 28, 2014.

26. Plaintiff UMANA was employed as a Manager.

27. Plaintiff UMANA regularly worked over forty (40) hours in a given work week.

28. Defendants did not compensate Plaintiffs and each of them for time and one-half of their hourly rate for overtime payment.

29. Plaintiffs are non-exempt employees and otherwise entitled to overtime payments.

## COUNT I
## PLAINTIFF DUARTE'S CLAIM AGAINST DEFENDANT LA FONDA FOR UNDERPAYMENT IN VIOLATION OF THE FLSA 29 USCA§ 206

Plaintiff DUARTE re-alleges Paragraphs 1 through 29 as set forth herein.

30. Plaintiff DUARTE is a covered, non-exempt employee and is entitled to minimum wage compensation for all hours worked.

31. Plaintiff DUARTE worked without the benefit of being paid the minimum wage as set forth in state and federal law.

32. Defendant LA FONDA failed to compensate Plaintiff DUARTE at least minimum wage.

33. Defendant LA FONDA's failure to properly compensate the Plaintiff DUARTE is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

34. Defendant LA FONDA's failure to pay Plaintiff DUARTE proper wages was the result of intentional, willful misconduct, such that Plaintiff DUARTE is entitled to minimum wage payments for the entire period of her employment.

35. Plaintiff DUARTE is also entitled to liquidated damages as set forth under the FLSA.

36. As a direct and proximate result of the Defendant LA FONDA's action, Plaintiff DUARTE obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff DUARTE is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

37. As a direct and proximate result of the Defendant LA FONDA's action, the Plaintiff DUARTE has suffered damages.

38. As a result of Defendant LA FONDA's conduct, Plaintiff DUARTE is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties.

WHEREFORE, Plaintiff DUARTE prays that judgment be entered in her favor and against the Defendant, LA FONDA, as follows: That Plaintiff DUARTE be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff DUARTE be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff DUARTE be awarded such other and further relief as the Court deems just and proper.

## COUNT II
## PLAINTIFF UMANA'S CLAIM AGAINST DEFENDANT LA FONDA FOR UNDERPAYMENT IN VIOLATION OF THE FLSA 29 USCA§ 206

Plaintiff UMANA re-alleges Paragraphs 1 through 29 as set forth herein.

39. Plaintiff UMANA is a covered, non-exempt employee and is entitled to minimum wage compensation for all hours worked.

40. Plaintiff UMANA worked without the benefit of being paid the minimum wage as set forth in state and federal law.

41. Defendant LA FONDA failed to compensate Plaintiff UMANA at least minimum wage.

42. Defendant LA FONDA's failure to properly compensate the Plaintiff UMANA is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

43. Defendant LA FONDA's failure to pay Plaintiff UMANA proper wages was the result of intentional, willful misconduct, such that Plaintiff UMANA is entitled to minimum wage payments for the entire period of her employment.

44. Plaintiff UMANA is also entitled to liquidated damages as set forth under the FLSA.

45. As a direct and proximate result of the Defendant LA FONDA's action, Plaintiff UMANA obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff UMANA is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

46. As a direct and proximate result of the Defendant LA FONDA's action, the Plaintiff UMANA has suffered damages.

47. As a result of Defendant LA FONDA's conduct, Plaintiff UMANA is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties.

WHEREFORE, Plaintiff UMANA prays that judgment be entered in her favor and against the Defendant, LA FONDA, as follows: That Plaintiff UMANA be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff UMANA be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff UMANA be awarded such other and further relief as the Court deems just and proper.

### COUNT III
### PLAINTIFF DUARTE'S CLAIM AGAINST DEFENDANT PRADHAN INDIVIDUALLY FOR UNDERPAYMENT IN VIOLATION OF THE FLSA 29 USCA§ 206

Plaintiff DUARTE re-alleges Paragraphs 1 through 29 as set forth herein.

48. Plaintiff DUARTE is a covered, non-exempt employee and is entitled to minimum wage compensation for all hours worked.

49. Plaintiff DUARTE worked without the benefit of being paid the minimum wage as set forth in state and federal law.

50. Defendant PRADHAN failed to compensate Plaintiff DUARTE at least minimum wage.

51. Defendant PRADHAN's failure to properly compensate the Plaintiff DUARTE is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

52. Defendant PRADHAN's failure to pay Plaintiff DUARTE proper wages was the result of intentional, willful misconduct, such that Plaintiff DUARTE is entitled to minimum wage payments for the entire period of her employment.

53. Plaintiff DUARTE is also entitled to liquidated damages as set forth under the FLSA.

54. As a direct and proximate result of the Defendant PRADHAN's action, Plaintiff DUARTE obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff DUARTE is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

55. As a direct and proximate result of the Defendant PRADHAN's action, the Plaintiff DUARTE has suffered damages.

56. As a result of Defendant PRADHAN's conduct, Plaintiff DUARTE is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties.

WHEREFORE, Plaintiff DUARTE prays that judgment be entered in her favor and against the Defendant, PRADHAN, individually, as follows: That Plaintiff DUARTE be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff DUARTE be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff DUARTE be awarded such other and further relief as the Court deems just and proper.

## COUNT IV
## PLAINTIFF UMANA'S CLAIM AGAINST DEFENDANT PRADHAN INDIVIDUALLY FOR UNDERPAYMENT IN VIOLATION OF THE FLSA 29 USCA§ 206

Plaintiff UMANA re-alleges Paragraphs 1 through 29 as set forth herein.

57. Plaintiff UMANA is a covered, non-exempt employee and is entitled to minimum wage compensation for all hours worked.

58. Plaintiff UMANA worked without the benefit of being paid the minimum wage as set forth in state and federal law.

59. Defendant PRADHAN failed to compensate Plaintiff UMANA at least minimum wage.

60. Defendant PRADHAN's failure to properly compensate the Plaintiff UMANA is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §206.

61. Defendant PRADHAN's failure to pay Plaintiff UMANA proper wages was the result of intentional, willful misconduct, such that Plaintiff UMANA is entitled to minimum wage payments for the entire period of her employment.

62. Plaintiff UMANA is also entitled to liquidated damages as set forth under the FLSA.

63. As a direct and proximate result of the Defendant PRADHAN's action, Plaintiff UMANA obtained counsel to represent her in this action and has agreed to incur

reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff UMANA is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

64. As a direct and proximate result of the Defendant PRADHAN's action, the Plaintiff UMANA has suffered damages.

65. As a result of Defendant PRADHAN's conduct, Plaintiff UMANA is entitled to unpaid wages for overtime, liquidated damages, prejudgment interest, attorney's fees and other penalties.

WHEREFORE, Plaintiff UMANA prays that judgment be entered in her favor and against the Defendant, PRADHAN, individually, as follows: That Plaintiff UMANA be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff UMANA be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff UMANA be awarded such other and further relief as the Court deems just and proper.

## COUNT V
## PLAINTIFF DUARTE'S CLAIM AGAINST DEFENDANT LA FONDA FOR UNPAID OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff DUARTE re-alleges Paragraphs 1 through 29 as set forth herein.

66. Plaintiff DUARTE is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

67. Plaintiff DUARTE worked in excess of forty (40) hours per week for all of the work weeks they were employed with the Defendant LA FONDA.

68. Plaintiff DUARTE worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant LA FONDA.

69. Defendant LA FONDA failed to compensate Plaintiff DUARTE up to one and a half times her hour hourly rate for all worked performed in excess of forty (40) hours.

70. The Defendant LA FONDA's failure to properly compensate Plaintiff DUARTE is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff DUARTE is aware of hours for which she was not compensated in the preceding period of time.

71. Defendant LA FONDA's failure to pay Plaintiff DUARTE overtime was the result of intentional, willful misconduct, such that Plaintiff DUARTE is entitled to overtime payments for the entire preceding period.

72. As a direct and proximate result of the Defendant LA FONDA's actions, Plaintiff DUARTE has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff DUARTE is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

73. As a direct and proximate result of the Defendant LA FONDA's action, Plaintiff DUARTE has suffered damages.

74. As a result of Defendant LA FONDA's conduct, Plaintiff DUARTE is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff DUARTE prays that judgment be entered in her favor and against the Defendant, LA FONDA, as follows: that Plaintiff DUARTE be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff DUARTE be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and, that

Plaintiff DUARTE be awarded such other and further relief as the Court deems just and proper.

## COUNT VI
## PLAINTIFF UMANA'S CLAIM AGAINST DEFENDANT LA FONDA FOR UNPAID OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff UMANA re-alleges Paragraphs 1 through 29 as set forth herein.

75. Plaintiff UMANA is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

76. Plaintiff UMANA worked in excess of forty (40) hours per week for all of the work weeks they were employed with the Defendant LA FONDA.

77. Plaintiff UMANA worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant LA FONDA.

78. Defendant LA FONDA failed to compensate Plaintiff UMANA up to one and a half times her hour hourly rate for all worked performed in excess of forty (40) hours.

79. The Defendant LA FONDA's failure to properly compensate Plaintiff UMANA is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff UMANA is aware of hours for which she was not compensated in the preceding period of time.

80. Defendant LA FONDA's failure to pay Plaintiff UMANA overtime was the result of intentional, willful misconduct, such that Plaintiff UMANA is entitled to overtime payments for the entire preceding period.

81. As a direct and proximate result of the Defendant LA FONDA's actions, Plaintiff UMANA has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result,

Plaintiff UMANA is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

82. As a direct and proximate result of the Defendant LA FONDA's action, Plaintiff UMANA has suffered damages.

83. As a result of Defendant LA FONDA's conduct, Plaintiff UMANA is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff UMANA prays that judgment be entered in her favor and against the Defendant, LA FONDA, as follows: that Plaintiff UMANA be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff UMANA be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and, that Plaintiff UMANA be awarded such other and further relief as the Court deems just and proper.

## COUNT VII
## PLAINTIFF DUARTE'S CLAIM AGAINST DEFENDANT PRADHAN INDIVIDUALLY FOR UNPAID OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff DUARTE re-alleges Paragraphs 1 through 29 as set forth herein.

84. Plaintiff DUARTE is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

85. Plaintiff DUARTE worked in excess of forty (40) hours per week for all of the work weeks they were employed with the Defendant PRADHAN.

86. Plaintiff DUARTE worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant PRADHAN.

87. Defendant PRADHAN failed to compensate Plaintiff DUARTE up to one and a half times her hour hourly rate for all worked performed in excess of forty (40) hours.

88. The Defendant PRADHAN's failure to properly compensate Plaintiff DUARTE is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff DUARTE is aware of hours for which she was not compensated in the preceding period of time.

89. Defendant PRADHAN's failure to pay Plaintiff DUARTE overtime was the result of intentional, willful misconduct, such that Plaintiff DUARTE is entitled to overtime payments for the entire preceding period.

90. As a direct and proximate result of the Defendant PRADHAN's actions, Plaintiff DUARTE has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff DUARTE is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

91. As a direct and proximate result of the Defendant PRADHAN's action, Plaintiff DUARTE has suffered damages.

92. As a result of Defendant PRADHAN's conduct, Plaintiff DUARTE is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff DUARTE prays that judgment be entered in her favor and against the Defendant, PRADHAN, individually, as follows: that Plaintiff DUARTE be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff DUARTE be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and, that Plaintiff DUARTE be awarded such other and further relief as the Court deems just and proper.

## COUNT VIII
## PLAINTIFF UMANA'S CLAIM AGAINST DEFENDANT PRADHAN INDIVIDUALLY FOR UNPAID OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff UMANA re-alleges Paragraphs 1 through 29 as set forth herein.

93. Plaintiff UMANA is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

94. Plaintiff UMANA worked in excess of forty (40) hours per week for all of the work weeks they were employed with the Defendant PRADHAN.

95. Plaintiff UMANA worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant PRADHAN.

96. Defendant PRADHAN failed to compensate Plaintiff UMANA up to one and a half times her hour hourly rate for all worked performed in excess of forty (40) hours.

97. The Defendant PRADHAN's failure to properly compensate Plaintiff UMANA is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff UMANA is aware of hours for which she was not compensated in the preceding period of time.

98. Defendant PRADHAN's failure to pay Plaintiff UMANA overtime was the result of intentional, willful misconduct, such that Plaintiff UMANA is entitled to overtime payments for the entire preceding period.

99. As a direct and proximate result of the Defendant PRADHAN's actions, Plaintiff UMANA has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff UMANA is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

100. As a direct and proximate result of the Defendant PRADHAN's action, Plaintiff UMANA has suffered damages.

101. As a result of Defendant PRADHAN's conduct, Plaintiff UMANA is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff UMANA prays that judgment be entered in her favor and against the Defendant, PRADHAN, as follows: that Plaintiff UMANA be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff UMANA be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and, that Plaintiff UMANA be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs further demand trial by jury for all matters so triable.

Dated this 27th day of May 2015.

        CATHLEEN SCOTT & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone:   (561) 653-0008
        Facsimile:    (561) 653-0020

        s/Jennifer Parker
        Cathleen Scott, Esq.
        Florida Bar No. 135331
        Primary e-mail: CScott@CSAPALaw.com
        Secondary e-mail: mail@floridalaborlawyer.com
        Jennifer Parker, Esq.
        Florida Bar No. 70204
        Primary e-mail: JParker@CSAPALaw.com
        Secondary e-mail: mail@floridalaborlawyer.com
        Secondary Address:  101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.FloridaLaborLawyer.com
        Attorney for Plaintiffs



# Detail by Entity Name

**Florida Profit Corporation**

LA FONDA SPORTS GRILL INC

**Filing Information**

| | |
|---|---|
| **Document Number** | P13000005666 |
| **FEI/EIN Number** | 46-1787433 |
| **Date Filed** | 01/16/2013 |
| **Effective Date** | 01/17/2013 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

5096 FORESTHILL BLVD
900
WEST PALM BEACH, FL 33415

Changed: 04/22/2014

**Mailing Address**

5096 FORESTHILL BLVD
900
WEST PALM BEACH, FL 33415

Changed: 04/22/2014

**Registered Agent Name & Address**

PRADHAN, KALPANA
5096 FORESTHILL BLVD
900
WEST PALM BEACH, FL 33415

Address Changed: 04/22/2014

**Officer/Director Detail**

**Name & Address**

Title P

PRADHAN, KALPANA
5096 FORESTHILL BLVD
900
WEST PALM BEACH, FL 33415

**Annual Reports**

**Report Year**     **Filed Date**
2014                04/22/2014
2015                03/23/2015

**Document Images**

| | |
|---|---|
| 03/23/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2014 -- ANNUAL REPORT | View image in PDF format |
| 01/16/2013 -- Domestic Profit | View image in PDF format |