## SETTLEMENT AGREEMENT
## PURSUANT TO FAIR LABOR STANDARDS ACT

Diana Duarte and Paulina Umana (hereinafter "Plaintiffs"), on the one hand, and La Fonda Sports Grill, Inc. and Kalpana Pradhan, together with their predecessors, successors, affiliates, subsidiaries, parent companies, partners, current and former officers and directors, current and past employees, servants, insurers, agents, legal representatives and any other related entities (collectively referred to as "Defendants"), on the other hand, hereby enter this Fair Labor Standards Act Settlement Agreement (this "Agreement").

**WHEREAS,** Plaintiffs filed a lawsuit in federal court alleging that they are owed compensation for overtime, along with liquidated damages and attorney's fees, case no. 15-80670-Brannon (the "Lawsuit"); and

**WHEREAS,** the parties intend to fully and completely resolve such claims,

**NOW THEREFORE,** in consideration of the mutual promises and other consideration provided in this Agreement, the parties hereby agree as follows:

1.      Defendants shall pay a total settlement amount of $18,000.00 to Plaintiffs (the "Settlement Sum") in eighteen equal monthly installments starting October 15, 2015 (or within five days of Court approval of the settlement agreement and dismissal of all claims. Defendants will send the Settlement Sum directly to Plaintiffs by mail for timely delivery to the following address: <u>250 S. Central Blvd., Ste. 104, Jupiter, Florida 33458</u>. Defendants will issue Plaintiffs a 1099 form (with the Settlement Sum allocated equally between them) at year end mailed directly to Plaintiffs at the address listed above. In addition, Defendants will pay Cathleen Scott & Associates, P.A., tax identification number 65-1056212, the total amount of $4,500.00 to compensate Plaintiffs for all attorney's fees and costs incurred in connection with this FLSA matter. Defendants specifically authorize Robyn S. Hankins, PL (Trust Account) to disburse this amount to Cathleen Scott & Associates, P.A. upon Court approval of this Settlement Agreement and dismissal of Plaintiffs' claims.

2.      The parties agree that the Settlement Sum is to compensate Plaintiffs for their claims brought under the FLSA. Defendants have denied, and continue to deny, that Plaintiffs incurred such damages, but wishes to settle the claims raised in the Lawsuit. This Settlement Sum is a compromise based upon Plaintiffs' asserted claims. Plaintiffs agreed that, had they been paid a salary, they would have been exempt employees pursuant to the FLSA. Plaintiffs dispute, however, that they were paid their full salary for each work week. Defendants contend that Plaintiffs paid themselves cash for each and every work week and, thus, that Plaintiffs are not owed any overtime. As a result of this dispute, the parties have compromised their positions and voluntarily resolved the Lawsuit.

3.      Based on the consideration described above, which Plaintiffs agree is sufficient consideration to which Plaintiffs are not otherwise entitled, Plaintiffs hereby fully and finally release and discharge Defendants from any and all claims, demands,

Settlement Agreement

rights, damages, costs, losses, suits, actions, causes of action, attorneys' fees, expenses, salary, stock options, commissions, bonuses, wages, overtime or any sums of any nature whatsoever, in law or in equity, known or unknown, arising from or by reason of any matter, act omission, cause or thing whatsoever, whether known or unknown, foreseen or unforeseen, including without limitation: any and all claims by or on behalf of Plaintiffs that Defendants have ever committed any statutory violation or other wrong with respect to Plaintiffs insofar as such claims have or could have been asserted by Plaintiffs; any and all claims of other liability or damage of any nature whatsoever which have arisen or might have arisen from any alleged acts, omissions, events, circumstances or conditions related to Plaintiffs' employment with and/or separation from Defendants including but not limited to claims for breach of contract, commissions, overtime pay and/or any fact or occurrence up through the date of this agreement, including any alleged acts of harassment, discrimination or retaliation by Defendants; age discrimination, workers' compensation retaliation, intentional infliction of emotional distress, constructive discharge, wage and hour, assault and battery and any other tort (including, but not limited to, any and all claims of negligent hiring, retention and/or supervision, intentional or negligent invasion of privacy, defamation, compelled defamation, intentional or negligent infliction of emotional harm, libel, slander, invasion of privacy or violations of public policy), any and all legal restrictions on Defendants' right to terminate employees, or any federal, state or other governmental statute, regulation or ordinance, including any and all claims for monetary recovery, including past or future lost wages, mental anguish, pain and suffering, any liquidated, compensatory or punitive damages and attorneys' fees, expenses and interest; and any and all claims whatsoever asserted by Plaintiffs against Defendants and for or on account of any matter or thing whatsoever occurring up to and including the date of execution of this Agreement. The statutory claims released by this Settlement Agreement include, but are not limited to, claims brought under:

- Title VII of the Civil Rights Act of 1964, as amended in 1991;
- Section 1981;
- The Florida Civil Rights Act;
- The Equal Pay Act;
- The Employee Retirement Income Security Act ("ERISA");
- The Age Discrimination in Employment Act;
- The Older Worker Benefit Protection Act;
- The Fair Labor Standards Act;
- The Americans With Disabilities Act;
- The Family and Medical Leave Act;
- The National Labor Relations Act;
- The Fair Credit Reporting Act;
- The Immigration Reform Control Act;
- Executive Order 11246;
- OSHA;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Worker Adjustment and Retraining Notification Act;
- The Employee Polygraph Protection Act;

Settlement Agreement

- The Electronic Communication Privacy Act;
- The Computer Fraud & Abuse Act;
- The Health Insurance Portability & Accountability Act of 1996; and
- Any state or federal anti-discrimination, consumer protection and/or trade practices act.

Plaintiffs represent and warrant that Plaintiffs have not and will not assign Plaintiffs' interest in any of Plaintiffs' asserted claims or any unasserted claims against Defendants to anyone. Plaintiffs further release Defendants from any duties or obligation to indemnify Plaintiffs for any fees, costs, and/or damages Plaintiffs has incurred or may incur in the future based upon events that occur up to the date this Agreement was signed, except as otherwise required by law. By this Agreement, Plaintiffs does not waive any entitlement to any vested benefit, including Plaintiffs' entitlement to life insurance under any applicable policies of Defendants. However, by this Agreement, Plaintiffs does not accrue any greater benefit than Plaintiffs would under the terms of any plan. Plaintiffs fully understand that this Agreement includes any and all claims related in any manner to Plaintiffs' employment or the cessation of that employment except where specifically excluded.

4. Plaintiffs shall pay all taxes associated with the payment of the Settlement Sum, if any, and shall indemnify and hold harmless Defendants from all liabilities, claims, costs, fees and damages, if any, pertaining to such tax obligations. Plaintiffs acknowledge that no representations have been made to them with respect to the taxability of the payments made under this Agreement, that they have been advised that the payments are likely taxable as income, and that they have been advised to seek advice from a qualified tax professional as to the taxability of the payments made under this Agreement.

5. The parties acknowledge and agree that neither has promised the other consideration other than as provided for by this Agreement.

6. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, both substantive and remedial.

7. The failure of any provision of this Agreement shall in no manner affect the right to enforce the same, and the waiver by any party of any breach of any provision of this Agreement shall not be construed to be a waiver of such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

8. The prevailing party shall be entitled to any attorney's fees and court costs incurred in enforcing this Agreement or in defending any claim brought in violation hereof.

9. This Agreement represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and there are no promises, agreements, conditions, undertakings, warranties, or representations,

Settlement Agreement

whether written or oral, express or implied, between the parties other than as set forth herein.

10. This Agreement cannot be amended, supplemented, or modified except by an instrument in writing signed by the parties against whom enforcement of such amendment, supplement or modification is sought.

11. This Agreement may be executed in counterparts, and upon such execution, shall be complete, and the terms, provisions and obligations set forth shall be in full force and effect.

_____     10/06/15
Diana Duarte                        DATE

_____     10/06/15
Paulina Umana                       DATE


_____     _____
Kalpana Pradhan                     DATE


On behalf of La Fonda Sports Grill, Inc.:

By: _____

Acting as its: _____   _____
                                        DATE

10. This Agreement cannot be amended, supplemented, or modified except by an instrument in writing signed by the parties against whom enforcement of such amendment, supplement or modification is sought.

11. This Agreement may be executed in counterparts, and upon such execution, shall be complete, and the terms, provisions and obligations set forth shall be in full force and effect.

_____   _____
Diana Duarte                DATE

_____   _____
Paulina Umana               DATE

(X) *Kalpana Pradhan* [signature]   10/5/15
Kalpana Pradhan             DATE

On behalf of La Fonda Sports Grill, Inc.:

By: [signature]  AABHASH PRADHAN (Andrew)

Acting as its: Supervisor        10/5/15
                                 DATE